IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CIPRIANO CARDENAS-URIARTE, ) <br> No. 81361-208, ) <br> ) <br>     **Plaintiff,** ) <br> ) <br>  vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> CHARLES E. SAMUELS, ) <br> JEFFREY S. WALTON, ) <br> ROBIN BRYSON, ) <br> C/O HOWARD, and ) <br> MICHAEL WINKLEMEIER, ) <br> ) <br>     **Defendants.** ) | Case No. 014-cv-00747-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Cipriano Cardenas-Uriarte, an inmate in the custody of the Bureau of Prisons, housed at USP-Marion, brings suit under Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680, the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, and the Eighth Amendment.[1] Plaintiff, who has been affected by polio since childhood, wears leg braces and currently uses crutches to ambulate. He alleges multiple incidents of negligence, deliberate indifference and the denial of access to government programs, all related to his disability.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

---

[1] Although Plaintiff cites the Eighth Amendment, the Court's jurisdiction for such a constitutional claim stems from to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
(1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

### The Complaint

According to the complaint, since 2012 Plaintiff has been unable to ambulate without the aid of crutches. Before arriving at USP-Marion ("Marion") in July 2013, other federal correctional institutions had permitted him to be housed in first-floor cells. Upon arrival at Marion, Unit Manager Robin Bryson authorized Plaintiff to be placed in a first-floor cell, but later initiated or approved Plaintiff being moved to a second-floor cell (cell 232). Plaintiff's counselor and case manager did not respond to requests to move Plaintiff back to a first-floor cell. Eventually Plaintiff was moved, but not before he had to endure the difficulty of navigating the stairs with his crutches.

In December 2013, Plaintiff was moved to another unit and housed in a second-floor cell. Plaintiff contends that the move was either initiated or approved by Unit Manager Bryson. Days later, while trying to negotiate the stairway to his cell, Plaintiff fell down 14 stairs, injuring his neck, back, hips and left leg, requiring a trip to the emergency room of a local hospital.

When Plaintiff returned from the hospital, C/O Howard elected to wheel Plaintiff's wheelchair up a steep ramp into the prison, rather than using another available ramp that had a gentler slope. C/O Howard took a running start toward the steep ramp, only to dump Plaintiff out of the wheelchair. Because he was handcuffed, Plaintiff was unable to break his fall and he sustained injuries to his face, hands, back and leg.

Health Services Administrator Winklemeier evaluated Plaintiff after the wheelchair incident. Plaintiff explained that it was painful and difficult for him to use crutches, and that

doctors at the hospital had just diagnosed Plaintiff with a spinal deformity. Winklemeier issued Plaintiff a wheelchair, but only for three days. Consequently, Plaintiff still must use crutches, which is causing him excruciating pain. The pain and difficulty of using crutches restricts Plaintiff's access to meals because he cannot carry his tray and other inmates are not always willing to help. Similarly, he cannot stay on his unit and use the microwave because he cannot carry his food. He also limits using the shower due to the danger of his crutches slipping on the wet floor. Plaintiff further contends that because using crutches is excruciatingly painful, his access to recreational, educational and religious programs has been reduced. Mr. Winklemeier has refused requests for a wheelchair, and for a referral to a specialist or physical therapist.

According to the complaint, Warden Jeffrey S. Walton is aware of Plaintiff's situation by way of emails and administrative grievances. Walton has failed to intervene, asserting that Plaintiff's medical condition does not necessitate using a wheelchair.

It appears that Plaintiff is currently housed in a first-floor cell, but he asserts that he "remains vulnerable to being placed in an upper-floor cell again." (Doc. 1, p. 8).

The complaint presents the following seven claims:

**Count 1:** The United States of America, by and through its employees, negligently caused Plaintiff to fall down the stairs, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680;

**Count 2:** The United States of America, by and through its employees, negligently caused Plaintiff to be dumped out of a wheelchair, in violation of the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671–2680;

**Count 3:** Unit Manager Robin Bryson, on multiple occasions, initiated or approved Plaintiff's placement in an upper-floor cell, in violation of the Eighth Amendment;

> **Count 4:** C/O Howard, ignoring an obvious risk, attempted to run Plaintiff's wheelchair up a steep ramp, resulting in a handcuffed Plaintiff being dumped from the wheelchair, in violation of the Eighth Amendment;
>
> **Count 5:** Warden Jeffrey S. Walton and Health Services Administrator Michael Winklemeier have refused to authorize Plaintiff to use a wheelchair and have provided only "perfunctory" medical care, in violation of the Eighth Amendment;
>
> **Count 6:** The Bureau of Prisons, by and through Director Charles E. Samuels, has refused to permit Plaintiff to use a wheelchair, thereby impeding his access to meals, showers, and recreational, educational and religious programs, all in violation of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*; and
>
> **Count 7:** The Bureau of Prisons, by and through Director Charles E. Samuels, has refused to ensure that in the future Plaintiff will be housed in a first-floor cell and assigned to a bottom bunk, in violation of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.*

The complaint further specifies that Plaintiff seeks compensatory damages under the FTCA, nominal and compensatory damages for the Eighth Amendment/*Bivens* claims, and general declaratory and injunctive relief (*see* Doc. 1, p. 10).

## Discussion

### Counts 1 and 2

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials. *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz,* 374 U.S. 150 (1963)). The FTCA is the exclusive avenue for securing monetary damages for the negligence of government employees. *See* 28 U.S.C. § 1346(b)(1); *Couch v. United States*, 694 F.3d 852, 856 (7th Cir. 2013). The United States is the only proper defendant to an FTCA case. *See* 28U.S.C. § 2679(b).

> An FTCA claim may be brought for:
>
> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)).

Under Illinois law, a plaintiff states a claim for negligence if he alleges "facts establishing the existence of a duty of care owed by the defendants to the plaintiff, a breach of that duty, and an injury proximately caused by that breach." *Thompson v. Gordon,* 948 N.E.2d 39, 45 (Ill. 2011). The Bureau of Prisons has a statutory duty to care for prisoners in its custody (18 U.S.C. § 4042(a)(2)). Thus, as a general matter, the allegations in the compliant support the FTCA claims alleged in Counts 1 and 2. Counts 1 and 2 shall proceed against the United States for compensatory damages.

**<u>Counts 3, 4 and 5</u>**

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), recognized an implied cause of action for constitutional violations by federal officials, permitting federal court actions for equitable relief, including monetary damages. A *Bivens* claim and an FTCA claim are not mutually exclusive. *See Engel v. Buchan*, 710 F.3d 698, 703 (7th Cir. 2013).

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010). Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety. *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012); *see also Rhodes v. Chapman*, 452 U.S. 337,

346 (1981). A prison official may be liable "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan,* 511 U.S. 825, 847 (1994). Proving deliberate indifference requires more than a showing of negligent or even grossly negligent behavior. *Id*. at 835. Rather, the corrections official must have acted with the equivalent of criminal recklessness. *Id*. at 836–37.

Count 3 regarding Plaintiff's placement in an upper-floor cell states a colorable constitutional claim that cannot be dismissed at this time. Similarly, Count 4 states a viable constitutional claim regarding the incident where Plaintiff was dumped from his wheelchair.

Count 5, as drafted, fails to state a colorable constitutional claim regarding the denial of a wheelchair and merely offering "perfunctory" medical care. Although there are allegations reflecting personal involvement on the part of Warden Walton and Health Services Administrator Winklemeir, the complaint does not indicate that a wheelchair is medically necessary, or that not having a wheelchair has deprived him of a necessity of life. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012), regarding the use of prison facilities being made more difficult for physically disabled inmates is instructive relative to Count 5. Regarding Eighth Amendment protections, in *Jaros* it is noted that the Eighth Amendment is not violated unless the inmate is deprived of the "'minimal civilized measure of life's necessities;'" merely making those things more difficult does not constitute and Eighth Amendment violation. *Jaros*, 684 F.3d at 670-71 (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)) (other citations omitted). Furthermore, the constitution does not require more than "perfunctory"– automatic, impersonal—medical care. Count 5 fails to meet the *Twombly* pleading standard and will, therefore, be dismissed without prejudice.

**Count 6**

Count 6 alleges that the Bureau of Prisons has refused to allow Plaintiff to use a wheelchair, thereby impeding his access to meals, showers, and recreational, educational and religious programs. Count 6 is premised upon the Rehabilitation Act, 29 U.S.C. § 701, *et seq*.

The Rehabilitation Act prohibits discrimination by entities receiving federal funding, against qualified individuals on account of their disability. 29 U.S.C. § 794A incorporates 42 U.S.C. § 2000e–5, which permits a private right of action. Director Samuels, in his official capacity, is a proper defendant under the Act. *See* 42 U.S.C. § 12131(1)(b); *Jaro*s, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)).

The threshold question in a Rehabilitation Act claim is whether the plaintiff is a "qualified individual with a disability" who has suffered discrimination on account of that disabling condition. A "disability" is defined as "a physical or mental impairment that substantially limits one or more major life activities[,]" such as caring for oneself, seeing, hearing, walking, communicating, thinking, or working. 42 U.S.C. § 12102(1)(A); (2)(A); *see also* 29 U.S.C. § 794(d) (adopting the ADA standards for a Rehabilitation Act claim). A refusal to make a reasonable accommodation, resulting in an inmate being kept from meals and showers on the same basis as other inmates states a viable Rehabilitation Act claim. *See Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 672 (7th Cir. 2012). Therefore, Count 6 shall proceed relative to Plaintiff's request for declaratory and injunctive relief.

**Count 7**

In Count 7 it is alleged that the Bureau of Prisons, by and through Director Samuels, has refused to ensure that *in the future* Plaintiff will be housed in a first-floor cell and assigned to a bottom bunk. Plaintiff contends that this is a violation of the Rehabilitation Act, 29 U.S.C. § 701, *et seq*. As drafted, Count 7 is a prayer for prospective relief based upon circumstances that may or may not arise in the future.

The Court's authority is limited to "cases" and "controversies" whereby the Court can redress or prevent actual or imminently threatened injury. U.S.CONST. art. III, § 2, cl. 1; *Clapper v. Amnesty Int'l USA,* __U.S. __, 133 S.Ct. 1138, 1146 (2013); *Summers v. Earth Island Inst.,* 555 U.S. 488, 492 (2009); *Horne v. Flores,* 557 U.S. 433, 445 (2009). *See also Korte v. Sebelius*, 735 F.3d 654, 667 (7th Cir. 2013). Count 7 is nothing more than a prayer for prospective relief, not specifically grounded in a case or controversy upon which the Court can act. *See generally David B. v. McDonald*, 116 F.3d 1146, 1148 (7th Cir. 1997) (prospective relief may be granted, but it must stem from a case or controversy). Count 7, therefore, will be dismissed without prejudice.

With that said, reading the complaint as a whole and taking Plaintiff's *pro se* status into account, the Court perceives that Plaintiff is attempting to secure prospective injunctive relief for the conditions underlying Counts 1, 3 and 6—his difficulty using crutches in his present condition, and using crutches to navigate stairs in any circumstance. The Court will leave it to Plaintiff to decide whether he wants to amend one of his other claims to include a prayer for injunctive relief, or whether he wants to attempt to re-plead a Rehabilitation Act claim.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **COUNTS 5 and 7** are **DISMISSED** without prejudice; accordingly, Defendants **JEFFREY S. WALTON** and **MICHAEL WINKLEMEIR** are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that **COUNTS 1-4 and 6** of the complaint shall **PROCEED**.

The Clerk of Court shall prepare for Defendants **UNITED STATES OF AMERICA**, **CHARLES E. SAMUELS** (in his official capacity), **ROBIN BRYSON** (in her individual capacity) and **C/O BRYSON** (in his individual capacity): (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).

With respect to **UNITED STATES OF AMERICA** and **CHARLES E. SAMUELS**, pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk shall (1) deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send a copy of the summons, the complaint, and this Memorandum and Order by registered or certified mail to Samuels at the Bureau of Prisons at Washington, D.C. In addition, and with respect to **ROBIN BRYSON** and **C/O BRYSON**, pursuant to Federal Rule of Civil Procedure 4(i)(3), the Clerk shall also serve each individual using the procedures set forth in Federal Rule of Civil Procedure 4(e).

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court.

Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Each Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not

independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED:  July 23, 2014**

                                                           *s/J. Phil Gilbert*
                                                           **J. PHIL GILBERT**
                                                           **UNITED STATES DISTRICT JUDGE**